Archibald O. Wemple, J.
The defendant contends that the indictment upon which this conviction rests is vague and indefinite, and that the People have not proven beyond a reasonable doubt that the defendant was guilty of the crime even as vaguely charged in the indictment.
The District Attorney contends that the indictment complies with section 275 of the Code of Criminal Procedure in that it contains a plain and concise statement of the act constituting the crime and that if the defendant had wished, he might have demurred to the indictment or asked for a bill of particulars, neither of which was done in this case.
This court finds, that the indictment plainly, clearly and concisely charges the defendant with having operated a motor vehicle on a public highway in the county of Schenectady on or about March 1, 1958 in an intoxicated condition. There is no unnecessary repetition. There can be no doubt in the defendant’s mind as to the nature of the charge. If the defendant had wished more specific details as to the time and place of the alleged offense, he could have made application to obtain such information by a motion for a bill of particulars.
During the trial, the defendant admitted having been intoxicated during a period previous to noontime on March 1, 1958, the date of the alleged crime, and having driven his car at that time. He denied that he was the operator of the car at *871 the time of his arrest. He stated that his friend, who was not licensed, was operating his car and that he said he was driving to avoid getting his friend in trouble.
The People had the burden of proof of showing that the defendant committed the crime charged. The People called the arresting officer, Patrolman. Andrew E. Shell, who stated that he observed the defendant in the act of operating his car about 12:00 m. on a public highway known as Curry Road in the town of Rotterdam. There was evidence of a blood test showing that the alcohol in the defendant’s blood from a sample taken within two hours of the arrest, showed a 0.21% alcoholic content.
This testimony was supported by competent witnesses.
The jury found that the People had proved the guilt of the defendant beyond a reasonable doubt.
The jury was the judge of facts and found a verdict of guilty. The defendant has not presented any convincing reason to arrest the judgment herein. Motion denied.
Submit order.